IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DONNA M. SCHELLENBERGER,<br><br>        Plaintiff,<br><br>vs.<br><br>MARK ROSENBLATT and OAKWOOD VENTURES,<br><br>        Defendant. | **8:21CV238**<br><br>**MEMORANDUM AND ORDER** |

       This is an employment-discrimination case in which plaintiff Donna M. Schellenberger claims her former employer unlawfully fired her based on her sexual orientation. *See generally* Filing No. 1. It comes before the Court on defendant Mark Rosenblatt's motion to dismiss for failure to state a claim, Filing No. 20; Rosenblatt's motion to strike Schellenberger's sur-reply, Filing No. 27; and Schellenberger's motion for entry of default judgment against defendant Oakwood Ventures, Filing No. 33. For the reasons stated herein, the Court denies Rosenblatt's motions to dismiss and to strike and denies Schellenberger's motion for default judgment.

**I.    BACKGROUND**

       In June 2020, Donna M. Schellenberger was hired to work as the nursing home administrator at Belle Terrace Ridgeview Towers nursing home. Filing No. 1 at 10, 26. Her salary was $100,000 annually. *Id.* at 26. During the first few days of her employment, Schellenberger worked with Mark Rosenblatt, the "[o]wner of [the] facility" and he was complimentary about the way she explained things to a marketer in a meeting. *Id.* at 10. However, on June 17, 2020, her third day of employment, Schellenberger met Rosenblatt in the parking lot of a synagogue to drop off his laptop to him. *Id.* Rosenblatt was

1

supposed to fly to New Jersey shortly thereafter but had forgotten his laptop. Id. During the meet up, Schellenberger introduced Rosenblatt to her wife and claims this is when Rosenblatt "learned that [Schellenberger] was in a same-sex marriage." Id. Rosenblatt stated that there was "a great team in place" and "everything was going well" but then commented that in small towns, "reputation is everything." Id. Schellenberger asked if she needed to correct her behavior or if Rosenblatt had any concerns to which he responded, "Absolutely not." Id.

However, the next day, June 18, 2020, the demeanor of the facility staff became hostile to Schellenberger. Id. Rosenblatt changed his travel plans and remained in town, having multiple meetings that excluded Schellenberger. Id. On June 19, Schellenberger's former boss, who had recommended to Belle Terrace that they hire her, called Schellenberger and warned her that "the staff would walk out of the facility if [Schellenberger] wasn't fired." Id. At 4:24 that afternoon, Rosenblatt called Schellenberger and fired her, stating, "This isn't working out." Id. at 5, 10. A drug test that Schellenberger was required to undergo as part of her employment came back positive for benzodiazepines. Id. at 6, 13. Schellenberger had a prescription for these drugs but claims Belle Terrace nevertheless used it as a pretense to terminate her. See Id. at 6, 15–24.

Schellenberger filed a charge with the Equal Employment Opportunity Commission (EEOC) and Nebraska Equal Opportunity Commission in July 2020. Id. at 5. She does not attach a copy of the EEOC charge to her complaint, but alleges she was issued a right-to-sue letter. Id. at 5, 7. On June 23, 2021, she filed the present lawsuit against Rosenblatt and a company called Oakwood Ventures, alleging both were the

"[o]wners" of Belle Terrace. *Id.* at 2–3. She asserts a single claim of violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. based on sexual-orientation discrimination. *Id.* at 3.

Schellenberger served Oakwood Ventures on November 26, 2021. Filing No. 19. Oakwood Ventures did not answer or otherwise respond, and on February 28, 2022, Schellenberger was granted a clerk's entry of default against it. Filing No. 32.

## II. DISCUSSION

Rosenblatt moves to dismiss the claim against him under Fed. R. Civ. P. 12(b)(6) and Schellenberger moves for default judgment under Fed. R. Civ. P. 55.

### A. Standards of Review

*1. Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)*

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp.*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

3

Under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *See id.* (describing a "two-pronged approach" to evaluating such motions: First, a court must accept factual allegations and disregard legal conclusions; and then parse the factual allegations for facial plausibility). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

2. Motion for Default Judgment Under Fed. R. Civ. P. 55

Under the Federal Rules of Civil Procedure, the entry of a default judgment against a party is committed to the "sound discretion of the trial court." *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015). It is "appropriate for a district court to enter a default judgment when a party fails to appropriately respond in a timely manner." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010). "Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010); *see also Cutcliff v. Reuter*, 791 F.3d 875, 882 (8th Cir. 2015). It is, however, "incumbent upon the district court to ensure that 'the unchallenged facts constitute a legitimate cause of action' prior to entering final judgment." *Marshall*, 616 F.3d at 852–53 (quoting *Murray*, 595 F.3d at 871). The standard for determining "what constitutes 'a sufficient basis' for the judgment" is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain v. Hamlin*

*Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015); *accord Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015).

Additionally, "'a default judgment cannot be entered until the amount of damages has been ascertained.'" *Hagen v. Sisseton–Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000); *see also Everyday Learning Corp. v. Larson*, 242 F.3d 815, 819 (8th Cir. 2001) (explaining a plaintiff seeking a default judgment "must still prove . . . actual damages to a reasonable degree of certainty"); *see also Cutcliff*, 791 F.3d at 883. A court "may conduct hearings . . . when, to enter or effectuate judgment," it needs to, inter alia, "establish the truth of any allegation by evidence," to "determine the amount of damages" or "investigate any other matter." Fed. R. Civ. P. 55(b)(2)(B)–(D); *see Stephenson v. El-Batrawi*, 524 F.3d 907, 915 (8th Cir. 2008).

### B. The Complaint Adequately States a Claim Upon Which Relief Can Be Granted as to Rosenblatt

Rosenblatt moves to dismiss Schellenberger's complaint against him arguing she has not alleged she exhausted her administrative remedies, Rosenblatt is not a proper defendant to a Title VII claim, and Schellenberger has not alleged sufficient facts to support discrimination. Filing No. 21. The Court finds Schellenberger has adequately stated a cause of action against Rosenblatt.

As a preliminary matter, after briefing was complete on Rosenblatt's motion to dismiss, Schellenberger filed a response containing additional explanation of her damages request and citing to case law holding that discrimination on the basis of sexual orientation is prohibited under Title VII. Filing No. 26 at 2–3. Rosenblatt moves to strike Schellenberger's filing as an improper sur-reply. Filing No. 27 at 1. The Court has

reviewed Schellenberger's responsive filing and concludes nothing it contains affects the Court's decision on Rosenblatt's motion to dismiss. Accordingly, Rosenblatt's motion to strike is denied.

The Court disagrees that Schellenberger has not adequately alleged that she exhausted her administrative remedies. Rosenblatt argues the claim must fail because there is not an attached copy of the EEOC right-to-sue letter nor is there a stated date that it was issued. Filing No. 21 at 2–3. In Plaintiff's complaint under the section entitled "Exhaustion of Administrative Remedies," Schellenberger indicates she filed a charge with the EEOC and that it subsequently issued a right-to-sue letter. Filing No. 1 at 5. Taken together with her other allegations, this is adequate to state a facially plausible claim that Schellenberger has exhausted her administrative remedies.

Rosenblatt next argues that he is not a proper defendant to a Title VII claim. Title VII prohibits "an employer" from discriminating against an individual on the basis of, inter alia, sexual orientation. *See* 42 U.S.C. § 2000e-2(a); *Bostock v. Clayton Cnty.*, 140 S. Ct. 1731, 1754 (2020) (extending Title VII protections to sexual orientation). "Employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). Rosenblatt cites to Eighth Circuit authority that "supervisors and other employees cannot be held liable [as employers] under Title VII in their individual capacities." Filing No. 21 at 3–4 (citing *Lenhardt v. Basic Inst. of Tech., Inc.*, 55 F.3d 377, 381 (8th Cir. 1995)). Rosenblatt then argues that "Plaintiff makes no allegation what Rosenblatt's role" was and thus he cannot be subject to personal liability. Filing No. 21

6

at 3. However, Schellenberger's complaint alleges that Rosenblatt was the "[o]wner of [the] facility" (Belle Terrace). Filing No. 1 at 10. Thus, rather than a mere employee in a supervisory role, Schellenberger's complaint adequately alleges individual liability for Rosenblatt as an owner/employer. This is sufficient to survive a motion to dismiss.

Finally, Rosenblatt argues Schellenberger has not alleged sufficient facts to state a claim of discrimination against him because she only references his vague statements about reputation being important and his reason for terminating her as being "it just isn't working out." Filing No. 21 at 4. An examination of Schellenberger's complaint reveals she has stated adequate facts alleging Rosenblatt discriminated against her on the basis of her sexual orientation. Schellenberger claims that Rosenblatt had an abrupt change of heart about her performance immediately after learning she was in a same-sex marriage. Filing No. 1 at 10. She also alleges he made a statement to the effect of "reputation is everything" in a small town, ostensibly in relation to her sexual orientation. *Id.* Schellenberger further alleges that Rosenblatt and Belle Terrace succumbed to pressure from the staff threatening to "walk out" if she was not fired. *Id.* At this stage of the case, Schellenberger need not make out a prima facie case of discrimination. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002) ("This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."). Rather, the Court examines Schellenberger's complaint to see if she has alleged facts plausibly showing Rosenblatt discriminated against her on the basis of her sexual orientation. *Accord Smith v. PayPal, Inc.*, No. 8:12CV226, 2013 WL 2444032, at *11 (D. Neb. June 4, 2013) ("The court's task, then, is not to determine whether the

Complaint pleads the elements of a prima facie case of discrimination under the *McDonnell Douglas* framework, but to determine whether the Complaint alleges facts showing plausibly that PayPal has discriminated against Plaintiff . . . "). She has done so. Accordingly, Rosenblatt's motion to dismiss for failure to state a claim is denied.

### C. Motion for Entry of Default Judgment

Schellenberger seeks default judgment against Oakwood Ventures in the amount of $467,231.80, consisting of the salary she would have earned from the date of termination until she reached age 65 plus $12,250 in denied unemployment insurance. Filing No. 33 at 2. As set forth above, the Court must examine the unchallenged facts to ensure they constitute a sufficient basis for a judgment against Oakwood Ventures. *See Marshall*, 616 F.3d at 852–53. Because the unchallenged facts do not establish Oakwood Ventures' liability for the actions of Schellenberger's former employer, Belle Terrace, the Court must deny the motion for default judgment.

Schellenberger's complaint describes Oakwood Ventures as the "owner" of Belle Terrace. Filing No. 1 at 2. She repeatedly states that she worked at "Belle Terrace Skilled Nursing and Assisted Living." *Id.* at 3. She attaches to her complaint a letter from Belle Terrace stating she has been hired for the position of Nursing Home Administrator at the Belle Terrace facility. *Id.* at 26. The letter refers to "our parent company Oakwood Ventures L.L.C." *Id.*

The Eighth Circuit has stated that for purposes of Title VII, "[t]here is a 'strong presumption that a parent company is not the employer of its subsidiary's employees, and the courts have found otherwise only in extraordinary circumstances.'" *Brown v. Fred's, Inc.*, 494 F.3d 736, 739 (8th Cir. 2007) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d

8

1357, 1362 (10th Cir. 1993)). "A parent company may employ its subsidiary's employees if (a) the parent company so dominates the subsidiary's operations that the two are one entity and therefore one employer or (b) the parent company is linked to the alleged discriminatory action because it controls 'individual employment decisions.'" *Id.* (internal quotation marks and citations omitted).

The unchallenged facts establish that Oakwood Ventures is the parent company of Schellenberger's employer, Belle Terrace. There are no assertions by which the Court can conclude that Oakwood Ventures should be liable as Schellenberger's employer for purposes of Title VII either because it directly employed Schellenberger or because it dominated Belle Terrace's operations or controlled individual employment decisions. *See id.* Accordingly, the Court cannot grant default judgment against Oakwood Ventures. It denies Schellenberger's motion for default judgment without prejudice to reassertion should Schellenberger be able to assert facts by which the Court can impose liability on Oakwood Ventures as the parent company of her employer, Belle Terrace.

### III.   CONCLUSION

Schellenberger has adequately stated a claim against Rosenblatt as her employer, and his motions to strike and dismiss are denied. Filing No. 20; Filing No. 27. Schellenberger has not alleged that Oakwood Ventures should be liable to her as the parent company of her employer, Belle Terrace, and the Court accordingly denies her motion for default judgment against Oakwood Ventures, without prejudice. Filing No. 33.

IT IS ORDERED:

1. Mark Rosenblatt's motion to dismiss for failure to state a claim, Filing No. 20, is denied;

2. Mark Rosenblatt's motion to strike, Filing No. 27, is denied; and

3. Donna M. Schellenberger's motion for entry of default judgment against defendant Oakwood Ventures, Filing No. 33, is denied without prejudice to reassertion.

Dated this 27th day of April, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge