IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DONNA M. SCHELLENBERGER,<br><br>Plaintiff,<br><br>vs.<br><br>MARK ROSENBLATT and OAKWOOD VENTURES,<br><br>Defendants. | **8:21CV238**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the parties' cross-motions for summary judgment, Filing Nos. 48 and 62.[1] This is an employment-discrimination case brought pursuant to 42 U.S.C. § 2000(e) (Title VII). The *pro se* plaintiff, Donna M. Schellenberger, alleges that her former employer terminated her employment at Belle Terrace Skilled Nursing and Assisted Living ("Belle Terrace") based on her sexual orientation.

I.   BACKGROUND

This Court previously denied Defendant Mark Rosenblatt's motion to dismiss, finding Schellenberger had alleged sufficient facts to survive a motion to dismiss and had sufficiently alleged liability against defendant Rosenblatt as the "'[o]wner of [the] facility' (Belle Terrace)" was adequate to survive a motion to dismiss. Filing No. 34 at 6–7, Memorandum and Order. The Court also denied the plaintiff's motion for default judgment against Defendant Oakwood Ventures, stating that Schellenberger had not established Oakwood Ventures' liability for the actions of Schellenberger's former employer, Belle Terrace, and had not established damages with the requisite precision.[2] *Id.* at 5–6.

---

[1] The defendant also moves to strike the plaintiff's summary judgment motion as untimely. Filing No. 63. In the interest of justice, the court finds the motion should be denied.

[2] The Court denied the motion for default judgment without prejudice to reassertion, "should Schellenberger be able to assert facts by which the Court can impose liability on Oakwood Ventures as the parent company of her employer, Belle Terrace." Filing No. 34 at 9, Memorandum and Order.

1

Defendant Rosenblatt moves for summary judgment, again arguing he is not a proper defendant under Title VII because Oakwood Ventures was the plaintiff's employer. Filing No. 50 at 1, Defendant's brief.  He also argues he is entitled to judgment as a matter of law because "the plaintiff's claim is based wholly on speculation and there is no competent evidence on which a jury could find in her favor." *Id.*  Alternatively, he moves for summary judgment on the issue of damages, arguing the plaintiff's recovery should be limited because she failed to mitigate damages.

The plaintiff opposes the defendant's motion and moves for summary judgment in her favor.  Filing No. 57, plaintiff's opposition brief; Filing No. 60, plaintiff's brief; Filing No. 62, plaintiff's motion for summary judgment.  She contends that "[b]ased on the evidence provided by the Plaintiff and lack of evidence by the defendants, there is no genuine issue of material facts provided by them." Filing No. 62 at 3, plaintiff's motion.

The facts are gleaned from evidence of record and from the parties' respective statements of undisputed facts.  *See* Filing No. 49, defendant Mark Rosenblatt's Statement of Material Facts; Filing No. 50, defendant Mark Rosenblatt's Brief; Filing No. 54, defendant's Index of Evid.; Filing No. 58, plaintiff's Index of Evid.; Filing No. 59, plaintiff's Response; Filing No. 61, defendant Mark Rosenblatt's statement of responses to plaintiff's statement of additional material facts.[3]

The plaintiff testified at her deposition to essentially the same facts as she alleged in her complaint.  Filing No. 51-7, Deposition of Donna M. Schellenberger (excerpts). Essentially, Schellenberger testified that shortly after she was hired as a nursing home

---

[3] "A local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply." Fed. R. Civ. P. 83(a)(2).  The Court considers evidence in the record in connection with summary judgment motions and does not rely on the parties generally argumentative and self-serving recitations of purportedly undisputed facts.

administrator at Belle Terrace, she was terminated after Rosenblatt learned that she had a same-sex partner.  *Id.*  She also alleges that the demeanor of defendant Rosenblatt and other Belle Terrace employees turned hostile after they became aware of her sexual orientation.  *Id.* at 35.  She testified by deposition that Rosenblatt told her at the time of her termination, "Well, you know, [in] a small-town reputation is everything."  *Id.* at 18. She also testified to other perceived slights by Belle Terrace employees.  *Id.* at 20–24.  It is undisputed that meetings were held on June 18, 2020, without Schellenberger being present.  Filing No. 61 at 2, defendant's response.

The record shows that the reason given by Oakwood Ventures to the State of Nebraska for Schellenberger's termination was "violation of drug abuse policy for benzodiazepines" and the plaintiff states the Nebraska unemployment website shows a termination for cause.  Filing No. 10 at 1, Affidavit of Donna M. Schellenberger.  In response to an order to show cause, Schellenberger provided the Court with evidence she had a prescription for the medications.  Filing No. 13 at 13, plaintiff's response to show cause order.

Rosenblatt stated that Schellenberger was terminated because of an inability to get along with other employees, specifically Courtney Flanagan and Samantha Jones, and that he did not tell those employees that Schellenberger was a homosexual.  Filing No. 54-9 at 2–3, Declaration of Mark Rosenblatt ("Rosenblatt Decl.").

Schellenberger filed a charge of discrimination against Belle Terrace Nursing Home with the EEOC and NEOC on January 7, 2021.  Filing No. 54-3, Charge of Discrimination.  Oakwood Ventures, LLC, represented by Benesch Law Firm, filed a response to the EEOC charge on April 8, 2021.  Filing No. 54-4, Oakwood Ventures, LLC's EEOC position statement (excerpt).  In that response, Oakwood Ventures identified

3

itself as an LLC doing business as Belle Terrace Nursing Home. *Id.* The offer of employment extended to Schellenberger identifies Rosenblatt as the owner of Oakwood Ventures, LLC. Filing No. 54-5 at 3, Ex. 5, Offer Letter. Defendant Rosenblatt states that at the time of the plaintiff's termination, he was the owner of Oakwood Ventures, LLC, a Nebraska limited liability company which then managed the operations-side of a nursing facility in Tecumseh, Nebraska, operating under the trade name Belle Terrace Nursing Home. Filing No. 54-9 at 1, Rosenblatt Decl. Rosenblatt asserts that the plaintiff was employed by defendant Oakwood Ventures, LLC. *Id.* at 1–2. Rosenblatt states he transferred his interest in Oakwood Ventures, LLC to various individuals or entities that owned the real estate on which Belle Terrace nursing home was located in late July 2020. *Id.* at 3. He states he was not informed of the charge of discrimination until he was served with the complaint in this action. *Id.* The record shows defendant Oakwood Ventures was served with the summons and complaint on its registered agent. Filing No. 19, summons returned executed. A clerk's entry of default was entered on February 28, 2022. Filing No. 32.

II. LAW

*Pro se* pleadings are given the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

"Summary judgment is proper 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Torgerson v. City of*

*Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (quoting Fed. R. Civ. P. 56(c)(2)). The court views facts in the light most favorable to the nonmoving party, and makes no determinations of credibility; nor does it weigh the evidence or draw inferences, as those functions belong to the jury. *Cottrell v. Am. Fam. Mut. Ins. Co., S.I.*, 930 F.3d 969, 971–72 (8th Cir. 2019). "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Koehn v. Indian Hills Cmty. Coll.*, 371 F.3d 394, 396 (8th Cir. 2004).

The record must show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Northport Health Servs. of Arkansas, LLC v. Posey*, 930 F.3d 1027, 1030 (8th Cir. 2019). Facts that, if altered, affect the outcome of a lawsuit under applicable substantive law, are material. *Cottrell*, 930 F.3d at 972; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact dispute is "genuine" if each party has supplied some evidence that is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Cottrell*, 930 F.3d at 972. If "reasonable minds could differ as to the import of the evidence," summary judgment should not be granted. *Anderson*, 477 U.S. at 251.

A filing of cross-motions for summary judgment does not "necessarily indicate that there is not dispute as to a material fact, or have the effect of submitting the cause to a plenary determination on the merits." *Wermager v. Cormorant Twp. Bd.*, 716 F.2d 1211, 1214 (8th Cir. 1983). Consequently, "where conflicting inferences as to a material fact may reasonably be drawn from the materials before the court, the case is not appropriate for summary judgment." *Id.*

A court may find personal jurisdiction over a defendant through piercing the corporate veil, in which case, the decision will rest on whether piercing the veil is proper

under the law of the forum state. *Lakota Girl Scout Council, Inc. v. Havey Fund-Raising Mgmt., Inc.*, 519 F.2d 634, 637 (8th Cir. 1975) (affirming determination and trial court's order that parent was alter ego of subsidiary and subject to personal jurisdiction). Also, "[p]ersonal jurisdiction can be properly asserted over a corporation if another is acting as its alter ego, even if that alter ego is another corporation." *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 649 (8th Cir. 2003) (stating the "court's assertion of jurisdiction is contingent on the ability of the plaintiffs to pierce the corporate veil."). "[F]ederal courts have consistently acknowledged that it is compatible with due process . . . to exercise personal jurisdiction over an individual or a corporation that would not ordinarily be subject to personal jurisdiction in that court when the individual or corporation is an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court." *Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 653 (5th Cir. 2002).

Under Nebraska law, the corporate entity may be disregarded and a party held to be an alter ego in circumstances where necessary to prevent fraud or injustice. *Medlock v. Medlock*, 642 N.W.2d 113, 124 (2002). The relevant factors for determining whether to declare a corporate entity a mere alter ego include the diversion of corporate funds or assets for personal use and carrying on personal business dealings of the shareholder and operations of the corporation in disregard of the corporate entity. *Id.* "The separate corporate existence of parent and subsidiary or affiliated corporations will not be recognized where one corporation is so organized and controlled and its business conducted in such a manner as to make it merely an agency, instrumentality, adjunct, or alter ego of another corporation." *Hayes v. Sanitary & Imp. Dist. No. 194 of Douglas Cnty.*, 244 N.W.2d 505, 511 (1976). A corporation's identity as a separate legal entity will be preserved, as a general rule, until sufficient reason to the contrary appears and a court

6

will disregard a corporation's identity, or pierce the corporate veil, only where the corporation has been used to commit fraud, violate a legal duty, or perpetrate a dishonest or unjust act in contravention of the rights of another. *Howsden v. Roper's Real Est. Co.*, 805 N.W.2d 640, 645–46 (2011).

Under Title VII, "[t]here is a 'strong presumption that a parent company is not the employer of its subsidiary's employees, and the courts have found otherwise only in extraordinary circumstances.'" *Brown v. Fred's, Inc.*, 494 F.3d 736, 739 (8th Cir. 2007) (quoting *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1362 (10th Cir. 1993)). "A parent company may employ its subsidiary's employees if (a) the parent company so dominates the subsidiary's operations that the two are one entity and therefore one employer or (b) the parent company is linked to the alleged discriminatory action because it controls 'individual employment decisions.'" *Id.* (internal quotation marks and citations omitted).

III. DISCUSSION

The record shows there are genuine issues of material fact on liability and damages. Neither party has established an entitlement to judgment as a matter of law. There are questions of credibility and intent and motivation are at issue. There is evidence, if credited , that could create an inference of discriminatory animus. The plaintiff testified to treatment during her employment from which a jury could infer discrimination based on sexual orientation, including the termination closely following awareness of Schellenberger's same-sex marriage, and statements by her employer and other employees. There is also evidence in EEOC proceedings from which jury could infer that her employer's stated reasons for her termination were a pretext for discrimination.

Also, there appear to be issues related to successor liability, alter-ego status, and/or piercing the corporate veil involved in this litigation. Determination of those issues, as well as damages, can await a determination of liability. Accordingly,

IT IS ORDERED:

1. Defendants' motion for summary judgment (Filing No. 48) is denied.

2. Plaintiff's motion for summary judgment (Filing No. 62) is denied.

3. Defendant's motion to strike (Filing No. 63) is denied.

4. The parties shall contact the chambers of the assigned magistrate judge for further progression of this case.

Dated this 16th day of August, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge