IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DONNA M. SCHELLENBERGER,<br><br>Plaintiff,<br><br>vs.<br><br>OAKWOOD VENTURES, LLC,<br><br>Defendant. | 8:21CV238<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on plaintiff Donna M. Schellenberger's ("Schellenberger") Motion for Default Judgment against defendant Oakwood Ventures, LLC ("Oakwood"). Filing No. 76. Schellenberger moved for default judgment on the basis that Oakwood failed to plead or otherwise defend itself in this action. *See* Filing No. 32; Filing No. 76. Schellenberger also requested an evidentiary hearing to determine damages in this matter. Filing No. 76. This Court needs additional information before ruling on the motion, therefore, an evidentiary hearing will be held. The Court will hold the hearing to determine 1) whether Oakwood can be held liable in this case; 2) if Oakwood is found liable, what amount of damages should be awarded; and 3) whether a default judgment should be awarded against Oakwood.

On June 23, 2021, Schellenberger filed the present lawsuit against Mark Rosenblatt and Oakwood, alleging both were the "[o]wners" of Belle Terrace Ridgeview Towers nursing home. Filing No. 1 at 2-3. Schellenberger asserts a single claim of

violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. based on sexual-orientation discrimination. Filing No. 1 at 3. Rosenblatt was dismissed from this case in December 2023. Filing No. 77. Oakwood failed to respond to the complaint, and an entry for default was issued against Oakwood by the Clerk of Court on February 28, 2022. Filing No. 32.

The entry of a default judgment against a party is committed to the "sound discretion of the trial court." *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015) (quoting *F.T.C. v. Packers Brand Meats, Inc.*, 562 F.2d 9, 10 (8th Cir. 1977) (per curiam). It is "appropriate for a district court to enter a default judgment when a party fails to appropriately respond in a timely manner." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (citation omitted). "Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true . . . ." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). It is "incumbent upon the district court to ensure that 'the unchallenged facts constitute a legitimate cause of action' prior to entering final judgment." *Marshall*, 616 F.3d at 852–53 (quoting *Murray*, 595 F.3d at 871). Moreover, "a default judgment cannot be entered until the amount of damages has been ascertained." *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 97 (2d Cir. 1993)).

This is an employment-discrimination case in which Schellenberger claims her former employer unlawfully fired her based on her sexual orientation. *See generally* Filing No. 1. The following allegations are asserted by Schellenberger. Schellenberger was hired to work as the nursing home administrator at Belle Terrace Ridgeview Towers nursing home in June 2020. *Id.* at 10, 26. Her salary was $100,000 annually. *Id.* at 26.

Schellenberger worked with Mark Rosenblatt, the "[o]wner of [the] facility." *Id.* at 10. On June 17, 2020, her third day of employment, Schellenberger met Rosenblatt in the parking lot of a synagogue to drop off his laptop to him. *Id.* Rosenblatt was supposed to fly to New Jersey shortly thereafter but had forgotten his laptop. *Id.* During the meet up, Schellenberger introduced Rosenblatt to her wife and claims that is when Rosenblatt "learned that [Schellenberger] was in a same-sex marriage." *Id.* Rosenblatt stated that there was "a great team in place" and "everything was going well" but then commented that in small towns "reputation is everything." *Id.* The next day, the demeanor of the facility staff became hostile to Schellenberger . *Id.* Rosenblatt had multiple meetings that excluded Schellenberger . *Id.* On June 19, Rosenblatt called Schellenberger and fired her, stating, "[t]his isn't working out." *Id.*

Schellenberger filed a request for judgment on March 17, 2022. Filing No. 33. The request for judgment was denied by this court. Filing No. 34. Oakland is allegedly the parent company of the nursing home Schellenberger worked at, Belle Terrace Ridgeview Towers. Filing No. 38. The Court determined at the time of Filing No. 34 that Schellenberger had not established that Oakwood should be liable as an employer. *See Brown v. Fred's, Inc.*, 494 F.3d 736, 739 (8th Cir. 2007) ("There is a 'strong presumption that a parent company is not the employer of its subsidiary's employees, and the courts have found otherwise only in extraordinary circumstances.'" (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1362 (10th Cir. 1993))). Schellenberger failed to provide facts to support Oakwood's liability. *See Brown*, 494 F.3d at 739 (citations omitted) ("A parent company may employ its subsidiary's employees if (a) the parent company so dominates the subsidiary's operations that the two are one entity and therefore one employer or (b) the

3

parent company is linked to the alleged discriminatory action because it controls 'individual employment decisions.'").

Schellenberger filed another request for default judgment. Filing No. 38. Schellenberger provided supporting documents including a W-2 listing Oakwood as Schellenberger's employer and an employment offer letter indicating Oakwood as the parent company. *Id.* The offer letter contained a paragraph stating, "[y]ou will report to the owner Mark Rosenblatt and other representatives of our parent company Oakwood Ventures . . . ." *Id.* However, that filing has since been withdrawn. Filing No. 39. Therefore, Schellenberger must provide this Court with evidence to support Oakwood's potential liability at the evidentiary hearing.

Additionally, "'a default judgment cannot be entered until the amount of damages has been ascertained.'" *Hagen v. Sisseton–Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000) (quoting *Enron Oil Corp.*, 10 F.3d at 97); *see also Everyday Learning Corp. v. Larson*, 242 F.3d 815, 819 (8th Cir. 2001) (citation omitted) (explaining a plaintiff seeking a default judgment "must still prove . . . actual damages to a reasonable degree of certainty"); *see also Cutcliff v. Reuter*, 791 F.3d 875, 882 (8th Cir. 2015). A court "may conduct hearings . . . when, to enter or effectuate judgment," it needs to, inter alia, "establish the truth of any allegation by evidence," to "determine the amount of damages" or "investigate any other matter." Fed. R. Civ. P. 55(b)(2)(B)–(D); see *Stephenson v. El-Batrawi*, 524 F.3d 907, 915 (8th Cir. 2008). Accordingly, Schellenberger must also provide evidence at the evidentiary hearing to support the damages alleged in her complaint.

THEREFORE, IT IS ORDERED that:

1. The trial currently set for February 26, 2024, is canceled and an evidentiary hearing on the Motion for Default Judgment, Filing No. 76, is scheduled for February 26, 2024 at 9:00 a.m., in Courtroom No. 3, Roman L. Hruska Courthouse, 111, South 18th Plaza, Omaha, NE, before Senior Judge Joseph F. Bataillon, to determine a) whether Oakwood can be held liable in this case; b) if Oakwood is found liable, what amount of damages should be awarded; and c) whether a default judgment should be awarded against Oakwood.

2. Schellenberger must notify Oakwood of the February 26, 2024, evidentiary hearing by sending copies of this order via certified mail to Oakwood Ventures LLC's registered agent at 5601 South 59th Street, Suite C, Lincoln, NE 68516.
   The plaintiff must provide evidence at the February 26, 2024, hearing regarding a) whether Oakwood can be held liable in this case; b) if Oakwood is found liable, what amount of damages should be awarded; and c) whether a default judgment should be awarded against Oakwood.  The defendant may present evidence if it appears.

Dated this 1st day of February 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge